# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ENERGY & ENVIRONMENT LEGAL INSTITUTE**<br>722 12th Street NW, 4th Floor<br>Washington, DC 20005<br><br><br>**FREE MARKET ENVIRONMENTAL**<br>**LAW CLINIC**<br>9033 Brook Ford Road<br>Burke, Virginia, 22015<br><br>　　　　　　　　　　　　**Plaintiffs,**<br>v.<br><br>**UNITED STATES ENVIRONMENTAL**<br>**PROTECTION AGENCY**<br>1200 Pennsylvania Avenue, NW<br>Washington, DC 20460<br>　　　　　　　　　　　　**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Case No. 15-1069<br>)<br>)<br>)<br>)<br>)<br>)  |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiffs ENERGY & ENVIRONMENT LEGAL INSTITUTE ("E&E Legal") and FREE MARKET ENVIRONMENTAL LAW CLINIC ("FME Law") for their complaint against Defendant ENVIRONMENTAL PROTECTION AGENCY ("EPA" or "the Agency"), allege as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production under an April 2015 request for certain EPA records reflecting communications regarding agency employee contacts with certain keywords and specific agency employee communications with certain named Commonwealth of Kentucky officials.

2. The request noted there was substantial public interest in the fashion in which the EPA was working with and communicating with Kentucky officials as the Agency drafted and advocated for particular new regulations. The request noted that the documents sought would inform the public on the role Kentucky officials played in this process. For this reason, and because requesters demonstrated their ability and intention to broadly disseminate this information, requesters sought a fee waiver.

3. The EPA, by email, contacted requesters on May 12, 2015, to inform them that it determined the fee waiver was non-applicable because the request had been determined to be non billable.

4. EPA's statutory deadline to respond to requesters was June 1, 2015. This deadline passed without a response from EPA.  On June 17, 2015 EPA informed requesters that it needed additional time, and would respond to the request by June 30, 2015. However EPA still has not provided the required response. Despite its statutory obligation to provide an estimated determination of potentially responsive documents and statutory exemptions the agency may invoke, and plaintiffs' specific requests for same, EPA has produced no responsive records and provided no substantive response to plaintiffs' request.

5. Defendant EPA's failure to respond within the statutory period, or even within the extended period the agency sought, constitutes denial of plaintiffs' request, without a proper legal basis.

6. As a result of this denial, pursuant to 5 U.S.C. §552(a)(4)(A)(v)&(viii) plaintiffs have no further administrative remedies to pursue, but instead have the right of judicial review, in the form of this lawsuit asking this Court to compel EPA to produce responsive records.

## PARTIES

7. Plaintiff Energy & Environment Legal Institute (E&E Legal) is a nonprofit research, public policy and public interest litigation center incorporated in Virginia and dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. E&E Legal's programs include analysis, publication and a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

8. Plaintiff Free Market Environmental Law Clinic (FME Law) is a nonprofit research, public policy and public interest litigation center based in Virginia and dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. FME Law's programs include research, publication and litigation and include a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

9. Defendant EPA is a federal agency headquartered in Washington, DC.

## JURISDICTION and VENUE

10. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this suit is brought in the District of Columbia, and because both plaintiffs maintain offices in the District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

11. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Defendant is an agency of the United States.

## FACTUAL BACKGROUND

12. This lawsuit seeks to compel EPA to respond fully and completely to a FOIA request dated April 30, 2015, seeking certain records, specifically stating (emphases in original):

> Please provide us, within twenty working days copies of records as follows:
> 1) all email correspondence a) sent from or to (including copying, whether as cc: or bcc:), Stan Meiburg, Denise L. Anderson, Emily Atkinson, Janet McCabe, Joe Goffman, and/ or Mark Rupp, b) which mentions or includes any of the following:
>
> i) "Utech"
> ii) Peters
> iii) "Kentucky"
> iv) "EEC"
>
> 2) *all* correspondence sent to, from, or copying any of the above individuals, which includes *both* the words "Kentucky" and "cabinet"; and
>
> 3) *all* correspondence between **any of the individuals mentioned in item 1**, above, and **either Len Peters or Wendy Higgins**, both employees of the Kentucky Energy & Environment Cabinet.
>
> **Responsive records will be dated from January 1, 2015 to the present**.

13. Requesters asked that EPA waive processing and copying fees pursuant to 5 U.S.C. §552(a)(4)(A)(iii), with the request being in the public interest, plaintiffs having no commercial interest in the material, and with substantial public interest in the requested information.

14. EPA sent requesters an email on May 12, 2015, from foia_hq@epa.gov, stating that "Your request for Fee Waiver for the FOIA request EPA-HQ-2015-006707 has been determined to be not applicable as the request is not billable." The email noted that the request had been received by EPA on 4/30/2015. The email also noted that the request has been assigned FOIA number EPA-HQ-2015-006707.

15. Under 40 CFR § 2.107 EPA does not bill for requests where the time spent search for records would be less than two hours. Thus, to determine this request was not billable EPA believed responsive records could be found within two hours.

16. However on June 17, 2015. EPA informed requesters that it required additional time to process the request, and per its right under 5 U.S.C. § 552(a)(6)(B)(i), claimed ten additional working days, until June 30, 2015, to respond to the request.

17. At this time requesters have received no additional communication from EPA since the email on June 17, 2015. EPA has not provided any documents responsive to the request, provided updates on when such documents will be provided, or otherwise satisfied its obligations under FOIA and *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013).

## LEGAL ARGUMENTS
**Defendant EPA Owes and Has Failed to Provide Plaintiffs a Response**

18. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions.

19. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request

to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii) (I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period. Regardless, neither circumstance applies in the instant mater.

20. As the initial request was sent April 30, 2015, EPA owed a proper response and initial determination by June 1, 2015.

21. When EPA claimed it needed additional time to process the request on June 17, 2015, it had already passed the statutory deadline for giving a response. However requesters gave EPA the additional time it sought.

22. This extended time has now passed without any additional communication from EPA, and without EPA fulfilling its statutory duties under the Freedom of Information Act.

23. The email communications sent by EPA have not constituted a proper response to a FOIA request, as none set forth how many responsive records exists, nor when requesters could expect to begin receiving responsive documents.

24. This failure to issue a proper response within the statutory period, or even within the extended period sought by EPA,  constitutes a denial by EPA of plaintiffs' request for records.

**Having Failed to Properly Respond to Plaintiffs' Request, Defendant EPA Owes Responsive Records Subject to Legitimate Withholdings and Cannot Seek Fees**

25. In *Bensman v. National Park Service,* 806 F. Supp. 2d 31 (D.D.C. 2011) the U.S. District Court for the District of Columbia noted, "An additional effect of the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees . . . if the agency fails to comply with **any time limit**' of FOIA." (Emphasis added by Bensman Court).

26. EPA owned requesters a substantive response on or before June 1, 2015, and EPA did not provide such a responsive, thus violating the statutory time-limits within the FOIA statute.

27. Further, EPA informed requesters that the fee waiver request was not applicable because EPA determined the request was not billable.

28. Having already informed requesters that the request was not billable, thus obviating the need for EPA to consider the fee waiver submitted with the request, and having violated the statutory time limits of FOIA, EPA must now process the request without charging fees, and provide plaintiffs with records, subject to legitimate withholdings.

**CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELIEF**
**Declaratory Judgment**

29. Plaintiffs re-allege paragraphs 1-28 as if fully set out herein.

30. Plaintiffs have properly sought and been constructively denied responsive records reflecting the conduct of official business, as EPA has failed to provide either responsive records or a substantive response to the FOIA request at issue in this case.

31. Plaintiffs have a statutory right to the information they seek, without being assessed fees.

32. Plaintiffs ask this Court to enter a judgment declaring that:

    i. Defendant failed to provide a proper response to plaintiffs' request for records EPA-HQ-2015-006707, and has thereby statutorily waived fees;

    ii. EPA records as described in plaintiffs' request EPA-HQ-2015-006707 are public records subject to release under FOIA;

    iii. EPA's refusal to produce the requested records is unlawful.

    iv. EPA shall produce in a timely fashion all records in its possession responsive to plaintiffs' FOIA request, without fees, subject to legitimate withholdings.

## SECOND CLAIM FOR RELIEF
### Injunctive Relief

33. Plaintiffs re-allege paragraphs 1-32 as if fully set out herein.

34. Plaintiffs are entitled to injunctive relief compelling EPA to produce all records in its possession responsive to plaintiffs' FOIA request, without fees, subject to legitimate withholdings.

35. Plaintiffs ask this Court to order EPA to produce to plaintiffs, within 10 business days of the date of the order, the requested records described in plaintiffs' FOIA request, and any attachments thereto, subject to legitimate withholdings, and consistent with EPA's determination that the request was not billable.

36. Plaintiffs ask the Court to order the parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiffs receive the last of the

produced documents, addressing EPA's withholdings and Vaughn log and a briefing schedule for resolution of remaining issues associated with plaintiffs' challenges to defendant's withholdings, if any, and any other remaining issues.

**THIRD CLAIM FOR RELIEF**
**Seeking Costs and Fees**

37. Plaintiffs re-allege paragraphs 1-36 as if fully set out herein.

38. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

39. Plaintiffs are statutorily entitled to recover fees and costs incurred as a result of EPA's refusal to fulfill the FOIA request at issue in this case.

40. Plaintiffs ask the Court to order EPA to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

Plaintiffs' ask that the Court grant the requested relief, and any other such relief that the Court deems just and proper.

Respectfully submitted this 8th day of July, 2015,

_____/s/_____
Chaim Mandelbaum
D.D.C. Bar No. VA86199
726 N. Nelson St, Suite 9
Arlington, VA 22203
(703) 577-9973
Chaim12@gmail.com

_____/s/_____
Christopher C. Horner
D.C. Bar No. 440107
1489 Kinross Lane

                        Keswick, VA 22947
                        (202) 262-4458
                        CHornerLaw@aol.com

FREE MARKET ENVIRONMENTAL LAW CLINIC
ATTORNEYS FOR PLAINTIFFS

Case 1:15-cv-01069-BAH   Document 1   Filed 07/08/15   Page 10 of 10